UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

KATHY REICHENBAUM, Individually and On
Behalf of All Others Similarly Situated,

                        Plaintiff,

vs.

FACEBOOK, INC., MARK ZUCKERBERG, DAVID
A. EBERSMAN, DAVID M. SPILLANE, MORGAN
STANLEY & CO. LLC, J.P. MORGAN
SECURITIES LLC, AND GOLDMAN SACHS &
CO.,

                     Defendants.

———————————————————— x ¶

: Civil Action No.

CLASS ACTION COMPLAINT
FOR VIOLATIONS OF
FEDERAL SECURITIES LAWS

JURY TRIAL DEMANDED



12 CV 4194

FILED
MAY 25 2012
USDC WP SDNY

Plaintiff alleges the following based upon the investigation of plaintiff's counsel, which included a review of United States Securities and Exchange Commission ("SEC") filings by Facebook, Inc. ("Facebook" or the "Company"), as well as regulatory filings and reports, securities analysts' reports and advisories about the Company, press releases and other public statements issued by the Company, and media reports about the Company, and plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a securities class action on behalf of purchasers of Class A common stock of Facebook pursuant to Facebook's May 12, 2012 Initial Public Offering ("IPO") other than the Defendants, their related parties and certain entities that were privately advised of the information concealed from the registration statement and prospectus for the IPO (the "Class "). Plaintiff seeks to pursue remedies under the Securities Exchange Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11 and 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o]..

3.      This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act, [15 U.S.C. § 77v] and 28 U.S.C. §§1331.

4.      Venue is proper in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b), as many of the acts and practices complained of herein occurred in substantial part in this District.

5.     In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the NASDAQ market.

## PARTIES

6.     Plaintiff Kathy Reichenbaum, as set forth in the accompanying certification, incorporated by reference herein, purchased Class A common stock of Facebook on the IPO. Her purchases were made through one of the underwriter defendants – Morgan Stanley Smith Barney LLC, a wholly owned subsidiary of defendant Morgan Stanley & Co. LLC, and she has been damaged thereby.

7.     Defendant Facebook provides a social networking platform over which users share a variety of information.  The Company's principal place of business is located in Menlo Park, CA.

8.     Defendant Mark Zuckerberg ("Zuckerberg") has served as Facebook's Chief Executive Officer ("CEO") and a member of the Facebook board since July 2004 and has been Chairman of the board since January 2012.  Zuckerberg signed the registration statement for the IPO, filed with the SEC on May 16, 2012 (the "Registration Statement"). Zuckerberg was also a selling shareholder on the IPO selling 125,995,713 shares on the IPO.

9.     Defendant David A. Ebersman ("Ebersman") has served as Facebook's Chief Financial Officer ("CFO") since September 2009.  Ebersman signed the Registration Statement.

10.     Defendant David M. Spillane ("Spillane") has served as Facebook's Chief Accounting Officer since prior to the IPO.  Spillane signed the Registration Statement.

- 3 -

11. Defendants Zuckerberg, Ebersman and Spillane are collectively referred to herein as the "Individual Defendants."

12. Defendant Morgan Stanley & Co, LLC ("Morgan Stanley") was a co-lead underwriter for the IPO and also served as representative of all of the other underwriters of the IPO. The principal executive offices of Morgan Stanley are at 1221 6th Avenue, New York, NY.

13. Defendant J.P. Morgan Securities LLC ("J.P. Morgan") was a co-lead underwriter for the IPO. The principal executive offices of J.P. Morgan are at 345 Park Avenue, New York, NY.

14. Defendant Goldman Sachs & Co. ("Goldman Sachs") was a co-lead underwriter for the IPO. The principal executive offices of Goldman Sachs are at 200 West Street, New York, NY.

15. Defendants Morgan Stanley, J.P. Morgan and Goldman Sachs are collectively referred to herein as the "Underwriter Defendants." The IPO was conducted by means of a firm commitment underwriting.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons who suffered damage as a result of their purchase of Facebook Class A common stock on the IPO pursuant to the Registration Statement and Prospectus dated May 17, 2012. Excluded from the Class are defendants and members of their immediate families; any entity in which a defendant has a controlling interest; Capital Research & Management, Fidelity Investments (and other as of yet unknown entities that were privately informed by an Underwriter Defendant of Facebook's lowered projections for the second quarter), the heirs, successors and assigns of any excluded party.

- 4 -

17.     The members of the Class are so numerous that joinder of all members is impracticable.  Facebook sold over 421 million Class A shares on the IPO.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Facebook or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

18.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

19.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

20.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether the Registration Statement and Prospectus misrepresented and/or omitted material facts about the business of Facebook; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

- 5 -

21.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

22.     Defendant Facebook was founded in 2004 and on May 18, 2012 conducted its initial public offering of 421,233,615 Class A common shares at $38 per share. In the days leading up to the IPO, the selling shareholders decided to sell an additional approximately 84 million shares. Even with these additional shares, the IPO was oversubscribed with the Underwriter Defendants exercising their overallotment option to purchase an additional 63,185,042 million shares beyond the initial 421,233,615 shares for a total of 484,418,657 shares being sold. The IPO closed on or about May 22, 2012 with the Company realizing net proceeds of approximately $18.4 billion.

23.     The shares began trading on the NASDAQ on Friday, May 18, 2012 at 11:30 A.M. EDT, and briefly reached a high of $45 per share on that day before selling pressure caused the Underwriter Defendants to engage in a buying campaign that barely left the stock above its offering price, closing on May 18, 2012 at $38.23 per share. The following Monday, May 21, the stock closed at $34.03, and on May 22, closed at $$31.00 per share, a loss of approximately 18.5 percent in value from the IPO price.

24.     Before the market opened on May 22, 2012, Reuters reported that Morgan Stanley had internally lowered Facebook revenue forecasts before the IPO, Reuters stating:

Just before Facebook's (FB) $16B IPO, Morgan Stanley (MS), the deal's lead underwriter, unexpectedly told major clients that the bank's consumer Internet analyst was reducing his revenue forecasts for the company, reports

25.    Later that day, Reuters further reported that analysts at each of the Underwriter

Defendants had lowered their earnings estimates for Facebook and that they had provided this

information only to certain select clients:

> In the run-up to Facebook's $16 billion IPO, Morgan Stanley, the lead underwriter on the deal, unexpectedly delivered some negative news to major clients: The bank's consumer Internet analyst, Scott Devitt, was reducing his revenue forecasts for the company. The sudden caution very close to Facebook's initial public offering - while an investor road show was under way - was a big shock to some, said two investors who were advised of the revised forecast.
>
> They said it might have contributed to the weak performance of Facebook shares, which sank on Monday and Tuesday - their second and third days of trading - to end more than 18 percent below the IPO price. The $38-per-share IPO price valued Facebook at $104 billion.
>
> * * *
>
> The people familiar with the revised Morgan Stanley projections said Devitt lowered his revenue estimate for the second quarter and also cut his full-year 2012 revenue forecast. The new revenue forecast was $4.85 billion for 2012, versus more than $5 billion earlier, one of the people said.
>
> For the second quarter of 2012, the new revenue estimate was $1.111 billion, down from about $1.175 billion previously, the person added.
>
> The second-quarter revenue forecast suggested that Facebook's year-over-year revenue growth might slow from the first quarter of 2012, one of the investors said.
>
> "That deceleration freaked a lot of people out," the investor added.

26.    Also on May 22, 2012, Reuters reported that "the Financial Industry Regulatory

Authority's chairman said on Tuesday that regulators plan to review allegations that Morgan

Stanley shared negative news before Facebook's initial public offering with institutional

investors." "The allegations, if true, are a matter of regulatory concern" to FINRA and SEC,"
Ketchum told Reuters.

27.     After the market closed on May 22, 2012, it was further revealed by Reuters that
Massachusetts Secretary of Commonwealth William Galvin has issued a subpoena to Morgan
Stanley over an analyst's discussions with investors on Facebook.

28.     Plaintiff and the members of the Class were not told of the Underwriter
Defendants' lowered earnings estimates in determining whether to purchase shares on the IPO.

29.     As for the reasons why these analysts lowered their earnings estimates for
Facebook, according to the Motley Fool:

> During the company's road show, a Facebook exec verbally told underwriters and
> institutional investors that Facebook's second-quarter and full-year earnings
> would be weaker than expected. Basically, Facebook pre-announced their second
> quarter earnings, only instead of his being widely dispersed common knowledge,
> it was a whisper into the ears of the big Wall Street players.

30.     In stark comparison, non-privileged investors like Plaintiff and the members of
the Class were only provided with an obscure statement that was added to Facebook's sixth
amendment to its Form S-1 filing for the IPO, filed with the SEC on May 9, 2012. Specifically,
Defendants added, without any notice that it had been added, the following sentence on page 57
out of the 171 page registration statement:

> Based upon our experience in the second quarter of 2012 to date, the trend we saw
> in the first quarter of DAUs [Daily Active Users] increasing more rapidly than the
> increase in number of ads delivered has continued. We believe this trend is driven
> in part by increased usage of Facebook on mobile devices where we have only
> recently begun showing an immaterial number of sponsored stories in News Feed,
> and in part due to certain pages having fewer ads per page as a result of product
> decisions.

31.     This obscure (almost incomprehensible) disclosure did not alert Plaintiff or the
members of the Class that Facebook expected a material decline in projections for its second

- 8 -

quarter – a fact that such investors would have wanted to consider in determining whether to participate in the Facebook IPO.

32.     Given the ambiguity of this disclosure, it was incumbent on the Underwriter Defendants to share their respective analysts estimate reductions with all prospective buyers of Facebook shares on the IPO and not to a selective few.

33.     Given the decision to upsize the offering and sell approximately 84 million shares, the concealment of this material information from Plaintiff and the members of the Class required the Underwriter Defendants to sell greater allotments to their retail customers as well as other investors with whom they chose not to share these revised downward estimates.

34.     Facebook stock closed on the day prior to the filing of this Complaint at $33.03 a loss of approximately 13 percent from the IPO price.

## COUNT I

### Violation of Section 11 of the Securities Act Against All Defendants

35.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

36.     This Count is asserted by Plaintiff and the Class against all defendants for violations of § 11 of the Securities Act, 15 U.S.C. § 77k and is not grounded on fraud.

37.     The Registration Statement was materially false and misleading; contained untrue statements of material fact; omitted to state material facts necessary to make the statements made in the Registration Statement, under the circumstances in which they were made, not misleading; and failed to disclose material facts, as described above.

38.     Facebook is the registrant for the IPO and filed the Registration Statement as the issuer of the Class A common stock purchased by Plaintiff and the members of the Class, as

defined in Section 11(a)(5) of the Securities Act. Facebook, the Individual Defendants and the Underwriter Defendants were responsible for the contents of the Registration Statement and caused its filing with the SEC.

39.     As issuer, Facebook is strictly liable to Plaintiff and the members of the Class who purchased Facebook Class A common stock on the IPO pursuant to the Registration Statement for the misstatements in, and the omissions from, the Registration Statement.

40.     Each Individual Defendant signed the Registration Statement.

41.     The Underwriter Defendants were underwriters and sellers with respect to the common stock sold in the IPO within the meaning of the Securities Act. Those underwriters purchased and sold the common stock issued in the IPO under a firm underwriting agreement.

42.     None of the Individual Defendants or Underwriter Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements described above, which were contained in the Registration Statement, were accurate and complete in all material respects. The Underwriter Defendants and the Individual Defendants in the exercise of reasonable care should have known of the material misstatements and omissions contained in the Registration Statement as set forth herein.

43.     At the time Facebook Class A common stock was purchased, neither Plaintiff nor any member of the Class knew, or by the reasonable exercise of care could have known, of the facts concerning the inaccurate and misleading statements and omissions alleged herein.

44.     Plaintiff and the members of the Class purchased Facebook Class A common stock on the IPO pursuant to the Registration Statement prior to the date Facebook has made generally available to its securities holders an earnings statement covering a period of at least 12 months beginning after the effective date of the Registration Statement.

- 10 -

45.     In connection with the IPO and sale of Facebook Class A common stock, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce and the United States Mails.

46.     This action was brought within one year after the discovery of the untrue statements and omissions and within three years after Facebook Class A common stock was sold to the public in the IPO.

47.     By reason of the foregoing, the defendants named in this count have violated Section 11 of the Securities Act and are liable to Plaintiff and the members of the Class, each of whom has been damaged by reason of such violations.

## COUNT II

### Violation of Section 12(a)(2) of the Securities Act Against the Morgan Stanley

48.     Plaintiff repeats and realleges each and every allegation contained above in paragraphs 1 – 34, as if fully set forth herein.

49.     This Count is asserted against Morgan Stanley for violating Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2) and does not sound in fraud.

50.     It is brought by Plaintiff on behalf of herself and the other members of the Class, who purchased Facebook Class A Common stock from Morgan Stanley on the IPO, pursuant to the Prospectus.

51.     Morgan Stanley was a seller of the Class A common stock issued in connection with the IPO having sold at least 162,174,942 shares pursuant to a firm commitment underwriting agreement.

52.     The Prospectus, which was disseminated in connection with the IPO, contained untrue statements of material facts and omitted to state other material facts necessary in order to

- 11 -

make the statements, in light of the circumstances under which they were made, not misleading, as set forth above.

53.     In connection with the IPO and sale of Facebook Class A common stock Morgan Stanley directly or indirectly, used the means and instrumentalities of interstate commerce and the United States mails.

54.     Less than one year has elapsed from the time that Plaintiff and the other members of the Class discovered or reasonably could have discovered the facts upon which this Count is based.  Less than three years have elapsed from the time the Facebook Class A common stock were sold to the public in the IPO.

55.     By reason of the conduct alleged herein, Morgan Stanley violated Section 12(a)(2) of the Securities Act.  Accordingly, Plaintiff and the other members of the Class who hold Facebook Class A common stock purchased from Morgan Stanley in the IPO, have the right to rescind and recover the consideration that they paid for these Facebook Class A common shares, and hereby elect to rescind and tender their Facebook Class A common stock to Morgan Stanley.  Class members who have sold the Facebook Class A common stock that they purchased from Morgan Stanley in connection with the IPO are entitled to rescissionary damages.

## COUNT III

### Violation of Section 15 of
### the Securities Act Against Zuckerberg

56.     Plaintiff repeats and realleges each and every allegation contained above, as if fully set forth herein.

57.     This Count is asserted against Zuckerberg for violating Section 15 of the Securities Act, 15 U.S.C. § 77o and does not sound in fraud.

58.     Zuckerberg is a control person of the Company by virtue of his position as Chairman of the board, CEO and by virtue of his owning or controlling a majority of Facebook's stock giving him voting control over the Company.

59.     Zuckerberg did not make a reasonable investigation or possess reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus for the IPO were true and devoid of any omissions of material fact. Therefore, by reason of his position of control over the Company, as alleged herein, pursuant to Section 15 of the Securities Act, Zuckerberg is liable jointly and severally with and to the same extent that Facebook is liable to Plaintiff and the members of the Class as a result of the wrongful conduct alleged herein.

60.     As a result of the foregoing, Plaintiff and the members of the Class have suffered damages.


WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.      Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

B.      Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.      Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: May 25, 2012                    KLAFTER OLSEN & LESSER LLP

Jeffrey A. Klafter
Seth R. Lesser
Two International Drive, Suite 350
Rye Brook, New York 10573
Tel: (914) 934-9200
Fax: (914) 934-9220

and

Kurt B. Olsen  (*pro hac vice* to be filed)
1250 Connecticut Ave., N.W., Suite 200
Washington, DC  20036
Tel: (202) 261-3553
Fax: (202) 261-3533

- 14 -

**FACEBOOK, INC.**
**CERTIFICATION PURSUANT TO THE FEDERAL SECURITIES LAWS**

Kathy Reichenbaum ("Plaintiff") duly swears and says, as to the claims asserted under the federal securities laws, that:

1.  I have retained Klafter Olsen & Lesser LLP as my counsel, reviewed the complaint, and authorized the filing of a substantially similar complaint on my behalf. I understand that Klafter Olsen & Lesser LLP may join with or refer me to other qualified counsel to prosecute this case.

2.  The security that is the subject of this action was not purchased at the direction of plaintiff's counsel or in order to participate in this private action.

3.  Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4.  The transactions in the security that is the subject of this action during the Class Period are as follows:

| Date | Number of Shares Purchased | Price Per Share |
|------|----------------------------|-----------------|
| May 18, 2012 | 2900 | $38.00 |

| Date | Number of Shares Sold | Price Per Share |
|------|-----------------------|-----------------|
| May 23, 2012 | 1000 | $32.061 |

5.      Plaintiff has not sought to serve as a class representative in more than five class actions filed under the securities laws in the last three (3) years.  Other than this action, Plaintiff has sought to be appointed a lead plaintiff in no other action:

6.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except as ordered or approved by the Court for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.  Executed this 25th day of May 2012, at Armonk, NY.

_____
Plaintiff's signature